

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
08/15/2012

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 03-70900 |
| GREG LOPEZ | § § | CHAPTER 7 |
| Debtor(s). | § § | JUDGE ISGUR |
| | § § | |
| GREGORIO LOPEZ | § § § | |
| Plaintiff(s), | § § | |
| vs. | § § | ADVERSARY NO. 11-7022 |
| MARIBEL FLORES | § § § | |
| Defendant(s). | § | |

## MEMORANDUM OPINION

Lopez's motion for summary judgment, (ECF No. 14), is denied.  The *Rooker-Feldman* doctrine does not deprive the Court of jurisdiction.

## Factual Background

Plaintiff Gregorio Lopez and Defendant Maribel Flores were engaged in the summer of 2001.  (ECF No. 18 at 1).  Lopez and Flores married on January 5, 2002, although the marriage was annulled shortly thereafter.  (ECF No. 18 at 2).

Flores alleges that Lopez never intended to marry Flores and instead used the promise of marriage to convince Flores to spend money, and incur debt, on Lopez's behalf.  (ECF No. 18 at 1-2).  Flores alleges, *inter alia*, that she spent over $40,000.00 on the wedding, took out a $15,000.00 loan to pay Lopez's credit card debts, and cosigned a lease for a Lexus luxury vehicle.  (ECF No. 18 at 2).

Lopez filed Chapter 7 bankruptcy on September 24, 2003. (Case No. 03-70900, ECF No. 1). It is undisputed that Lopez did not schedule any debts owed to Flores or list Flores as a creditor. (ECF No. 14 at 1). The parties dispute whether Flores had actual notice of the bankruptcy. (ECF No. 18 at 3; ECF No. 14 at 1). Lopez's bankruptcy was a "no-asset" bankruptcy. Lopez received a discharge on July 21, 2004. (Case No. 03-70900, ECF No. 20).

Flores filed a state court lawsuit against Lopez on November 8, 2005. (ECF No. 18-3 at 2). Flores alleged that the parties had previously reached a settlement agreement regarding the events leading up to their annulment. (ECF No. 18-3 at 3). Lopez was to pay Flores $90,000.00 in exchange for Flores's promise not to sue. (ECF No. 18-3 at 3). According to Flores, Lopez paid only $4,000.00 under the settlement agreement. (ECF No. 18-3 at 3). Flores sued Lopez for breach of the settlement agreement. (ECF No. 18-3 at 2).

Lopez answered the state court lawsuit. (ECF No. 18-3 at 17). Lopez asserted the affirmative defense of discharge. (ECF No. 18-3 at 17). Lopez attached to his answer a copy of the bankruptcy discharge and a document entitled "Suggestion of Bankruptcy"—thereby establishing a prima facie defense. (ECF No. 18-3 at 15, 17). Lopez failed to show up for trial and a judgment was entered against him. (ECF No. 18-3 at 50). The total amount of the judgment was $112,431.16 plus 8% postjudgment interest beginning June 6, 2006, and continuing until payment of the debt. (ECF No. 18-3 at 50). Additionally, the state court judgment stated the following:

> The court, after hearing the evidence and arguments of counsel, is of the opinion that [Flores] is entitled to recover from [Lopez] in this case and that the judgment should be rendered for [Flores] and against [Lopez]. The Court further expressly finds that the claims made the basis of this lawsuit were based upon one or more fraudulent acts perpetuated upon [Flores] by [Lopez].

(ECF No. 18-3 at 50).

In February 2007, Flores began her attempt to collect on the judgment. (ECF No. 18 at 5). Flores sent interrogatories in aid of judgment to Lopez. (ECF No. 18 at 5). It is unclear what happened from February 2007 until October 7, 2011, the date on which Lopez moved to reopen his bankruptcy case. (Case No. 03-70900, ECF No. 23). The motion to reopen was granted and the case reopened on December 1, 2011. (Case No. 03-70900, ECF No. 27).

On December 2, 2011, Lopez filed the present adversary proceeding, seeking a declaratory judgment that his debts to Flores were discharged and seeking enforcement of the discharge injunction. (ECF No. 1 at 3-4).

Lopez moved for summary judgment on May 25, 2012. (ECF No. 14). Flores filed a response in opposition to the motion for summary judgment but did not file a cross-motion for summary judgment. (ECF No. 18).

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). Nevertheless, the

Court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[1] Fed. R. Civ. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the evidence. A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara*, 353 F.3d at 403. Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326. The non-moving party must cite to specific evidence demonstrating a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). The non-moving party must also "articulate the manner in which that evidence

---

[1] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## Analysis

### *Rooker-Feldman* Doctrine

Flores argues this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine. Because the argument challenges whether this lawsuit is properly before the Court, this argument will be addressed first.

The *Rooker-Feldman* doctrine prevents lower federal courts from exercising appellate jurisdiction over state courts; appellate jurisdiction to reverse or modify a state-court judgment lies solely with the United States Supreme Court. *Exxon Mobil Corp. v. Saudi Basic Inds.*, 544 U.S. 280, 284 (2005). The doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284.

Lopez pled the affirmative defense of discharge in state court. Not only did Lopez plead discharge, he established a prima facie defense by filing a copy of the order granting his bankruptcy discharge. Even though Lopez did not attend the state court trial, the burden would have been on Flores to overcome Lopez's prima facie defense. That the state court entered a judgment against Lopez means that, by necessity, the state court judge found against Lopez on the issue of discharge.

At first glance, the *Rooker-Feldman* doctrine seems applicable. Lopez is a state-court loser. The state-court judgment came down before Lopez's federal declaratory judgment action commenced. Lopez complains that the state court's (allegedly) incorrect legal conclusion (that his debt to Flores was excepted from discharge) has injured him (violates his bankruptcy discharge rights) and requests that this Court review and reject the state court's legal conclusion.

However, there is an exception to the *Rooker-Feldman* doctrine when a state court judgment is void *ab initio*. Because "a void judgment is null and without effect, the vacating of such a judgment is merely a formality and does not intrude upon the notion of mutual respect in federal-state interests." *James v. Draper (In re James)*, 940 F.2d 46, 52 (3d Cir. 1991). If the state court lacked concurrent jurisdiction over the dischargeability issue, the judgment would be void and the *Rooker-Feldman* doctrine would be inapplicable. *See Mid-City Bank v. Skyline Woods Homeowners Assoc. (In re Skyline Woods Country Club)*, 636 F.3d 467 (8th Cir. 2011) (finding that, where state courts lacked jurisdiction, state court judgments were void and subject to collateral attack); *Gonzales v. Parks*, 830 F.2d 1033 (9th Cir. 1987) (citing *Kalb v. Feuerstein*, 308 U.S. 433 (1940)).

The general rule is that state courts have concurrent jurisdiction over civil proceedings arising under title 11, or arising in or related to cases under title 11. 28 U.S.C. § 1334(b).

Therefore, "for example, although federal law controls the determination of whether a divorce-based debt is in the nature of nondischargeable alimony or child support [under § 523(a)(5)], both state courts and federal courts have jurisdiction to decide the issue." *Fidelity Nat'l Title Ins. v. Franklin (In re Franklin)*, 179 B.R. 913 (Bankr. E.D. Cal. 1995) (citing *Siragusa v. Siragusa (In re Siragusa)*, 27 F.3d 406, 408 (9th Cir. 1994)).

Section 523(c) is an exclusive jurisdiction exception to the general rule of concurrent jurisdiction. Except for situations where the underlying debt was not scheduled and the creditor lacked sufficient notice of the bankruptcy, bankruptcy courts have exclusive jurisdiction to determine whether a debt is excepted from discharge under § 523(a)(2), (4), or (6). 11 U.S.C. § 523(c) ("Except as provided in subsection (a)(3)(B) of this subsection, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) . . . unless . . . the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6) . . . ."); *see also* 4 *Collier on Bankruptcy*, ¶ 523.03 (16th ed.) ("[T]he bankruptcy court has exclusive jurisdiction of most dischargeability determinations under subsections 523(a)(2), (4), and (6). For all the other exceptions to discharge enumerated in section 523(a), jurisdiction may be exercised by either the bankruptcy court or the state or other nonbankruptcy court.").

The Texas state court had concurrent jurisdiction to determine whether the debt was excepted from discharge under § 523(a)(3), but lacked concurrent jurisdiction to determine whether the debt was excepted from discharge under § 523(a)(2). It is therefore necessary to determine under which theory the state court made the determination.

The state court record is incomplete. The parties filed a copy of the state court petition. Lopez's bankruptcy and the issue of discharge are not mentioned in the original petition.[2] The

---

[2] This makes sense, of course, if it is true that Flores had no knowledge of Lopez's bankruptcy case until Lopez pled discharge as an affirmative defense.

record also includes a copy of Lopez's answer to the original petition (asserting the affirmative defense of discharge), a copy of Lopez's bankruptcy discharge, and a copy of Lopez's "Suggestion of Bankruptcy." The fact that Lopez's debt to Flores was not scheduled appears nowhere in the portions of the state court record filed with this Court.

The only other item of import from the state court record is the judgment. It states, in pertinent part:

> The court, after hearing the evidence and arguments of counsel, is of the opinion that [Flores] is entitled to recover from [Lopez] in this case and that the judgment should be rendered for [Flores] and against [Lopez]. The Court further expressly finds that the claims made the basis of this lawsuit were based upon one or more fraudulent acts perpetuated upon [Flores] by [Lopez].

(ECF No. 18 at 50). The judgment is the only evidence, other than the parties' pleadings, as to the theory under which the state court ruled the debt excepted from discharge. The judgment appears to be based solely on a § 523(a)(2) exception to discharge.

If the only evidence was the ambiguous state court judgment, this Court would be faced with a difficult question: How to interpret an ambiguous state court judgment when one possible interpretation means the judgment is void *ab initio*? Should a federal court avoid finding the state court judgment void if at all possible? In other words, where two interpretations are possible but one is much more plausible, should the federal court lean towards the less plausible interpretation in order to avoid ruling a state court judgment void? Or, as in collateral estoppel situations, should the federal court look for clear statements by the state court as to the basis of decision? *See, e.g.*, *Fielder v. King (In re King)*, 103 F.3d 17 (5th Cir. 1997); *In re Dennis*, 25 F.3d 274 (5th Cir. 1994).

However, the Court need not decide the answer. Although contrary to her own interests, Flores's pleadings reveal that the state court's decision was made under § 523(a)(2). In her answer to the declaratory judgment suit, Flores describes the state court determination as follows:

> Lopez raised discharge as an affirmative defense in [the state court] lawsuit, and the trial court found that the debt was *not dischargeable due to fraud*. The final judgment in that lawsuit specifically mentioned the fraud. In the state court judgment, the state court held, "The Court further expressly finds that the claims made the basis of this lawsuit were based upon one or more fraudulent acts perpetrated upon Plaintiff, Maribel Flores, by Gregorio R. Lopez, Defendant."

(ECF No. 7 at 2) (emphasis added). Flores does not claim that the state court determined that the debt was excepted from discharge under § 523(a)(3) (as an unscheduled debt).

The Court accepts Flores's position and finds that the state court determined the debt was excepted from discharge under § 523(a)(2). Because bankruptcy courts have exclusive jurisdiction to except a debt from discharge under § 523(a)(2), the Texas state court lacked jurisdiction to render a § 523(a)(2) judgment. Accordingly, its judgment is void *ab initio*.

Therefore, the *Rooker-Feldman* doctrine does not deprive this Court of jurisdiction and Lopez's substantive arguments must be addressed.

**Unscheduled Debts and Exceptions to Discharge**

Unscheduled debts of a kind specified in § 523(a)(2) are excepted from discharge unless the creditor had actual notice of the bankruptcy proceedings in time to file a proof of claim and to request that the debt be excepted from discharge. 11 U.S.C. § 523(a)(3)(B).

Both parties agree that the underlying debt was not scheduled. The parties disagree whether the underlying debt is of a kind specified in § 523(a)(2). Furthermore, the parties dispute whether Flores had actual knowledge of Lopez's bankruptcy.

Lopez moves for summary judgment on two separate theories.

First, Lopez argues that the underlying debt is not of a kind specified in § 523(a)(2). If Lopez is correct, the debt, although not scheduled, would not be excepted from discharge under § 523(a)(3). There is no timeline to file proofs of claim in a no-asset Chapter 7 bankruptcy proceeding. FED. R. BANKR. P. 2002(e); *see Omni Mfg. v. Smith (In re Smith)*, 21 F.3d 660 (5th Cir. 1994) ("In a Chapter 7 no-asset case, the creditor has no obligation to file a proof of claim, hence nothing to gain or lose from filing a 'timely' claim.") (internal citations omitted). Therefore, it is impossible in a "no-asset" Chapter 7 bankruptcy to violate § 523(a)(3)(A) because creditors will always be able to "timely file" a proof of claim. 11 U.S.C. § 523(a)(3)(A) (excepting from discharge certain debts neither listed nor scheduled in time to allow a creditor to timely file a proof of claim in the bankruptcy). Additionally, if Lopez is correct and the debt is not of the type described in § 523(a)(2), the underlying debt would also not violate § 523(a)(3)(B) because the debt would not be of a kind specified in § 523(a)(2), (4), or (6)—a necessary precondition for exception to discharge under § 523(a)(3)(B).

Second, Lopez argues that Flores had actual notice of Lopez's bankruptcy.[3] Therefore, even if the debt were of a kind specified in § 523(a)(2), the debt would still not be excepted from discharge. *See* 11 U.S.C. § 523(a)(3)(B) (stating that an unscheduled debt which might have been excepted from discharge under § 523(a)(2) is not discharged *unless the creditor had actual notice of the bankruptcy in time to file a proof of claim and request a determination that the debt be excepted from discharge*).

Flores disputes Lopez's allegations.

Lopez fails to establish that there is no genuine dispute about whether the underlying debt is of a kind specified in § 523(a)(2), which is clearly a material fact. Lopez focuses his argument

---

[3] Presumably, Lopez's argument is not just that Flores had actual notice of the bankruptcy, but had sufficient actual notice to timely file a proof of claim and to request the Court's determination as to the debt's dischargeability.

on why the state court judgment's reference to the "fraudulent acts perpetrated" by Lopez is not conclusive proof the debt *is* of a kind specified in § 523(a)(2). This may be correct, but it is certainly not evidence that the debt *is not* of a kind specified in § 523(a)(2). Flores's pleadings, her affidavit, and the state court trial record combine to establish a genuine issue of material fact as to the nature of the underlying debt. The Court is unable to grant Lopez's motion for summary judgment under the first theory.

Lopez also does not demonstrate the lack of a genuine dispute regarding whether Flores had actual notice of the bankruptcy, which is another material fact. Lopez's only evidence on this point is his own statement that Flores did have actual notice, which Flores denies. Lopez's motion for summary judgment may not be granted under the second theory either.

For the reasons stated above, Lopez's motion for summary judgment must be denied. As mentioned previously, Flores responded to Lopez's motion for summary judgment but did not submit a cross-motion for summary judgment. Therefore, Flores's defenses of res judicata and laches, as well as her substantive argument that Lopez's debt is excepted from discharge under § 523(a)(2), need not be discussed.

## Conclusion

The Court will enter an order in accordance with this Memorandum Opinion.

SIGNED **August 13, 2012.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE